**PAPU JOSEPH SIOFELE, Jr., Petitioner**

**v.**

**ROY J.D. HALL, Jr., Respondent**

**AMERICAN SAMOA BAR ASSOCIATION,**
**Real Party In Interest**

High Court of American Samoa
Trial Division

CA No. 64-89

July 20, 1989

Before KRUSE, Chief Justice.

Counsel: Petitioner Papu Siofele, Jr., Pro Se

At one time, the petitioner was a legal practitioner entitled to practice before this court. For reasons which are not clear on the extent

of this record, his name was removed from the rolls of legal practitioners. Petitioner seeks a writ of mandate directing the American Samoa Bar Association to reinstate him on its list of members.[1]

The petitioner has not demonstrated that he has been aggrieved by any decision of the Bar Association. Indeed, he has not shown that the Bar Association has rendered *any* decision in his case. The materials he has submitted show only that he sent a letter to the Bar Association on June 21, 1989. He filed this petition on July 3, 1989. The Territorial Court Rules of Civil Procedure do provide that an administrative body's "failure to act" may be addressed through extraordinary writ proceedings. T.C.R.C.P. Rule 88. However, a two week period without a response is hardly the sort of "failure to act" which may be remedied by a writ of mandate. This is all the more so since petitioner, by his own admission, has not undertaken those steps which the Bar Association has asked him to take in reviewing his case. Respondent Hall apparently requested that petitioner file an application explaining the circumstances surrounding his being stricken from the membership of the Bar Association. This, petitioner has not done — apparently in the belief that such application would be rejected out of hand. As this court said in another case involving petitioner, it "would be the height of discretionary abuse for this court to issue its writ to an [administrative body] to compel that [body] to do something it was never asked to do by a complaining party in the first place." *Siofele v. Shimasaki*, 9 A.S.R.2d 3, 7 n.3 (1988).

The petition is denied.

---

[1] Although the petitioner addressed his pleadings to the Appellate Division, the clerk has assigned the matter a Trial Division civil docket number. Territorial Court Rule of Civil Procedure 88 provides that extraordinary review of executive or administrative acts is to be had in the Trial Division. Petitioner has chosen to sue the Bar Association and we will assume for purposes of considering this matter that the Bar Association could render the relief petitioner seeks. It is to be noted, however, that the ultimate authority to decide who may or may not practice law in the territory rests with the Chief Justice of the High Court. A.S.C.A. § 31.0101 (a).